Honorable Rosemary McAuliffe State Senator, 1st District P. O. Box 40600 Olympia, WA 98504-0600
Dear Senator McAuliffe:
By letter previously acknowledged, you have asked for our opinion on whether the Board of Education exceeded its statutory authority when it adopted revisions to WAC 180-90-112 in January of 2003. (WAC 180-90-112
is one of a series of rules defining the extent to which private schools in Washington may employ teachers who do not hold Washington State teaching certificates.) We paraphrase your question as follows:
Is WAC 180-90-112, as amended in 2003, inconsistent with RCW28A.195.010(3)?
 BRIEF ANSWER
Although one could define the "exceptional cases" in which private schools are allowed to employ teachers who do not hold Washington State teaching certificates more narrowly than they are defined in the current version of WAC 180-90-112, we cannot conclude that the rule conflicts with governing statutes or that the Board exceeded its authority in promulgating it.
 BACKGROUND AND ANALYSIS
A. Statutory Background
The Legislature has seen fit to establish certain minimum requirements for private schools, including a 180-day school year, at least 1,000 hours of instruction per year, preservation of school records, adequate physical facilities, educational programming sufficient to meet graduation requirements, and a school policy statement. RCW 28A.195.010(1), (5)-(8). An additional requirement is the principal source of your question. RCW 28A.195.010(3) requires that all teachers in private schools be Washington certificated except for people of "unusual competence" and only in "exceptional cases".
(3) All classroom teachers shall hold appropriate Washington statecertification except as follows:
 (a) Teachers for religious courses or courses for which no counterpart exists in public schools shall not be required to obtain a state certificate to teach those courses.
 (b) In exceptional cases, people of unusual competence but without certification may teach students so long as a certified person exercises general supervision.
Annual written statements shall be submitted to the office of the superintendent of public instruction reporting and explaining such circumstances.
RCW 28A.195.010(3). (Emphasis added.)[1]
The Legislature also has expressed its policy preference that private schools be subject to minimum state control and that they otherwise retain considerable flexibility.
The legislature hereby recognizes that private schools should be subject only to those minimum state controls necessary to insure the health and safety of all the students in the state and to insure a sufficient basic education to meet usual graduation requirements. The state, any agency or official thereof, shall not restrict or dictate any specific educational or other programs for private schools except as hereinafter in this section provided. RCW 28A.195.010.
The State Board of Education has the statutory responsibility to adopt rules concerning the use of certificated teachers in private schools and for carrying into effect RCW 28A.195.010. RCW 28A.195.040. More generally, the Board, by rule, establishes accreditation standards and standards for determining eligibility for certification. See, e.g., RCW28A.305.130(6); RCW 28A.410.010. WAC 180-90-112 is one of the rules promulgated to carry out this responsibility of the Board.
B. 2003 Revision of WAC 180-90-112
In January 2003, the Board of Education made substantial revisions to WAC 180-90 concerning private schools. The Board repealed several provisions and consolidated others on private school education. Relevant for our purposes are the provisions that define the terms "exceptional case," "unusual competence," "general supervision," and "non-Washington State certificated teacher", as your question essentially asks whether the current rule permits private schools to employ teachers lacking Washington State certificates in cases that are not "exceptional", placing the rule beyond the statutory standard set forth in RCW28A.195.010(3) and the authority of the Board.
We begin by reviewing WAC 180-90-112(5), which now provides as follows:
 (5)(a) "Non-Washington state certificated teacher" means a person who has:
 (i) A K-12 teaching certificate from a nationally accredited preparation program, other than Washington state, recognized by the U.S. Department of Education; or
 (ii) A minimum of forty-five quarter credits beyond the baccalaureate degree with a minimum of forty-five quarter credits in courses in the subject matter to be taught or in courses closely related to the subject matter to be taught; or
 (iii) A minimum of three calendar years of experience in a specialized field. For purposes of this subsection the term "specialized field" means a specialized area of the curriculum where skill or talent is applied and where entry into an occupation in such field generally does not require a baccalaureate degree, including, but not limited to, the fields of art, drama, dance, music, physical education, and career and technical or occupational education.
 (5)(b) "Exceptional case" means that a circumstance exists within a private school in which:
 (i) The educational program offered by the private school will be significantly improved with the employment of a non-Washington state certificated teacher. Each teacher not holding a valid Washington state certificate shall have experience or academic preparation appropriate to K-12 instruction and consistent with the school's mission. Such experience or academic preparation shall be consistent with the provisions of (c) of this subsection; and
 (ii) The school which employs a non-Washington state certificated teacher or teachers pursuant to this subsection employs at least one person certified pursuant to rules of the state board of education and (c) of this subsection to every twenty-five FTE students enrolled in grades kindergarten through twelve. The school will report the academic preparations and experience of each teacher providing K-12 instruction; and
 (5)(c) "Unusual competence": As applied to an exceptional case wherein the educational program as specified in RCW 28A.195.010 and WAC 180-90-160(7) will be significantly improved with the employment of a non-Washington state certificated teacher as defined in (a) of this subsection.
 (5)(d) "General supervision" means that a Washington state certificated teacher or administrator shall be generally available at the school site to observe and advise the teacher employed under provision of (c) of this subsection and shall evaluate pursuant to policies of the private school. (emphasis added).
Subsection 5(a) introduces, for the first time, the definition of a "non-Washington state certificated teacher" and establishes alternative standards for such teachers to qualify to teach in a private school. The teacher must either be certified from a nationally accredited program, or possess a Bachelor of Arts plus some post-graduate education with a minimum number of credits in the area to be taught, or have three years of experience in a specialized field where a college degree is not required.
Prior versions of the rules defined "exceptional cases" and "unusual competence" differently — in some ways more broadly and in some ways more narrowly. For example, prior rules did not require certification from a nationally-accredited program. By the same token, prior rules permitted private school employment of a non-certificated teacher only in the following limited circumstances: a certificated teacher was not available; the school's educational program would be impaired without the non-certificated teacher or significantly improved with the employment of the non-certificated employee. Further, the prior rules required the school to employ at least one "Washington-certificated" teacher to every twenty-five FTE students enrolled. Former WAC 180-90-125(1)(c) (repealed).[2]
Subsection 5(b) of the current WAC 180-90-112 defines the term "exceptional case." The definition includes elements that were formerly part of the definition of "general supervision," including requirements regarding age, good moral character and fitness, and the absence of either a revoked certificate or ineligibility for new certification. The unavailability of a certified teacher is eliminated as an element of "exceptional case." Compare former WAC 180-90-125(1)(a) (repealed). However, the rule defines "exceptional case" to require that "[t]he educational program offered by the private school will be significantly improved with the employment of a non-Washington state certificated teacher." WAC 180-90-112(5)(b)(i). In addition, a new requirement is added: that the non-certificated teacher has "experience and academic preparation appropriate to K-12 instruction and consistent with the school's mission." Id. The definition also requires that the private school must employ "at least one person certified pursuant to rules of the state board of education and (c) of this subsection to every 25 FTE students". WAC 180-90-112(5)(b)(ii).
Under subsection 5(c) of the rule, the term "unusual competence" refers back to the definition of "non-Washington State certificated teacher," which incorporates the former elements of "unusual competence" while recognizing a new category — those holding a teacher's certificate from a nationally-accredited program in another state.
C. Analysis
Administrative agencies do not have the power to promulgate rules that would amend or change legislative enactments, but agency rules may be used to "fill in the gaps" in legislation where rules are necessary to effectuate a general statutory scheme. Washington Pub. Ports Ass'n v.Dep't of Rev., 148 Wn.2d 637, 646, 62 P.3d 462 (2003); Hama Hama Co. v.Shorelines Hearings Bd., 85 Wn.2d 441, 448, 536 P.2d 157 (1975). Administrative rules adopted pursuant to a legislative grant of authority are presumed valid and will be upheld if they are reasonably consistent with the controlling statute. Washington Pub. Ports, 148 Wn.2d at 646. Put somewhat differently, a party challenging an agency rule has the burden of showing "compelling reasons" why the rule is in conflict with the intent and purpose of the statute. Id.; Green River Comm. Coll. v.Higher Educ. Pers. Bd., 95 Wn.2d 108, 112, 622 P.2d 826 (1980). In each of these respects, then, the law provides for substantial deference to agency rules.
Here, the State Board of Education employed its rulemaking authority to define a term not defined by statute, in order to implement the governing law. That term "exceptional cases" has no apparent fixed or single meaning in this context. Certainly, the Board could have defined the term more narrowly, but adoption of the most narrow definition is not legally compelled. Rather, the law simply requires that the rule be "reasonably consistent" with the statutes that it implements. Applying these standards to WAC 180-90-112, we are unable to identify requisite "compelling reasons" to conclude that the constraints in the rule conflict with the intent or purposes of the statute that it implements. Although the rule allows private schools to employ teachers who are not Washington State certificated under circumstances somewhat different from those permitted by its predecessor, we cannot say that the cases described in the current rule are other than "exceptional". That being so, the law requires deference to the rule promulgated by the Board. Of course, the Legislature is not subject to these constraints and is free to amend governing statutes to achieve a result different from that reflected in WAC 180-90-112 should it determine to do so.
I trust this opinion will be of assistance to you.
 Sincerely yours, BARBARA HERMAN Assistant Attorney General
[1] This provision, enacted in 1974, is substantially similar to statutory language dating back to the territorial period. Prior to 1974, the Legislature limited uncertified teachers to "certain subject areas such as music, art, and drama". Laws of 1971, 1st Ex. Sess., ch. 215, § 3(5)(b). That restriction was deleted in 1974, permitting uncertified teachers to teach any subject matter under exceptional circumstances and if unusual competence was shown. Laws of 1974, 1st Ex. Sess. ch. 92, § 2(3)(b). See Laws of 1969, Ex. Sess. ch. 223, §28A.67.010; Laws of 1909, ch. 97, § 1; Laws of 1907, ch. 240, §6; Laws of 1891, p. 237, ch. 127, § 14; Laws of 1889, p. 369 §37; Laws of 1873, p. 430 § 15.
[2] We note in passing that the new rules are less than entirely clearwhether they permit a non-Washington certified teacher as defined in WAC180-90-112(5)(a), who possesses "unusual competence" under (5)(c), to"count" toward satisfying the one-to-twenty-five ratio. WAC180-90-112(5)(b)(ii) provides that the "school which employs anon-Washington state certificated teacher or teachers . . . employs atleast one person certified pursuant to rules of the state board ofeducation and (c) of this subsection to every twenty-five studentsenrolled in grades kindergarten through twelve." Id. (italics added). Atfirst reading, the use of the conjunctive "and" suggests that to becounted, a teacher must hold a Washington certificate in addition tomeeting the definition of "unusual competence." WAC 180-90-112(5)(b)(ii).This would be a strained and overly strict interpretation of the rule,however.
The basic rules of statutory construction apply as well to theinterpretation of regulations. Mader v. Health Care Auth., 149 Wn.2d 458,70 P.3d 931 (2003). The general rule of construction is that the word"and" should be interpreted in the conjunctive. HJS Dev., Inc. v. PierceCy. ex rel. Dept. of Planning and Land Servs., 148 Wn.2d 451, 474 n. 94,61 P.3d 1141 (2003). However, a statute should be construed in a mannerthat avoids unlikely, absurd or strained results. State v. Stannard,109 Wn.2d 29, 36, 742 P.2d 1244 (1987). In this case, construing the term "and" in the conjunctive would lead to strained results. It would require private schools to employ teachers who, in addition to being qualified to teach in Washington public schools, meet additional "unusual competence" requirements. This interpretation is contrary to the legislative intent of providing greater flexibility to private schools in the hiring of non-Washington State certificated teachers. RCW 28A.195.010.